**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1045-18T2

RANDY JOHNSON,

      Appellant,

v.

NEW JERSEY DEPARTMENT
OF CORRECTIONS,

      Defendant.

_____

Submitted January 29, 2020 – Decided February 6, 2020

Before Judges Haas and Enright.

On appeal from the New Jersey Department of Corrections.

Randy Johnson, appellant pro se.

Gurbir S. Grewal, Attorney General, attorney for respondent (Donna Sue Arons, Assistant Attorney General, of counsel; Nicholas A. Falcone, Deputy Attorney General, on the brief).

PER CURIAM

Appellant Randy Johnson appeals from the October 10, 2018 final agency decision of the New Jersey Department of Corrections (DOC) that he committed prohibited act *.203, possession or introduction of any prohibited substances such as drugs, intoxicants, or related paraphernalia not prescribed for the inmate by the medical or dental staff. N.J.A.C. 10A:4-4.1(a). We affirm.

DOC developed the following facts at appellant's disciplinary hearing. On May 22, 2017, while incarcerated at Northern State Prison, corrections officers found him in a shower in his underwear. Appellant was slurring his speech, disoriented, and unable to stand on his own. Medical staff provided emergency medical treatment to appellant and administered a Narcan shot. Corrections officers searched the shower where appellant was found and discovered a pair of pants. In the right pocket of the pants, they discovered four folded pieces of thick paper, which contained suspected heroin. Corrections officers also found glasses and a radio in the shower area that belonged to appellant. No other inmate was in the shower area at the time. The suspected contraband was logged and photographed. Subsequent testing confirmed the suspected contraband was fentanyl.

Appellant's hearing on his disciplinary charge was postponed three times in order to secure lab results of the substance recovered during the incident, to

clarify the identification of appellant's pants and to allow him to confront and question the corrections officer involved in the incident.

The hearing proceeded in June 2018. Appellant pled not guilty and was afforded the assistance of counsel substitute. During the hearing, the corrections officer who discovered appellant in the shower on the date of the incident testified that appellant was found in his underwear, his pants were nearby, nobody else was in the shower area at that time, and inmates are not permitted to walk to the shower from their cells wearing only their underwear.

The hearing officer found appellant guilty of prohibited act *.203 and imposed the following penalties: permanent loss of contact visits; 365 days' urine monitoring; 125 days' administrative segregation; 125 days' loss of commutation time; 20 days' loss of recreation privileges; and 10 days' loss of telephone privileges. Appellant administratively appealed this decision and the DOC upheld the hearing officer's decision, triggering the instant appeal.

Appellant argues there was no proof that the items found in the shower on the day of the incident belonged to him, that the investigation process was flawed, that he was not permitted to view the physical evidence pertinent to the investigation and that his counsel substitute was ineffective.

3

Having considered appellant's arguments in light of the record and controlling law, we find them to be without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E). We add only the following brief remarks.

Our scope of review of an agency decision is limited. In re Stallworth, 208 N.J. 182, 194 (2011); Figueroa v. N.J. Dep't of Corr., 414 N.J. Super. 186, 190 (App. Div. 2010). Reviewing courts presume the validity of the "administrative agency's exercise of its statutorily delegated responsibilities." Lavezzi v. State, 219 N.J. 163, 171 (2014). "We defer to an agency decision and do not reverse unless it is arbitrary, capricious[,] or unreasonable or not supported by substantial credible evidence in the record." Jenkins v. N.J. Dep't of Corr., 412 N.J. Super. 243, 259 (App. Div. 2010). But, an agency's "interpretation of the law and the legal consequences that flow from established facts are not entitled to any special deference." Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995). Here, the DOC's decision is supported by sufficient credible evidence on the record as a whole, Rule 2:11-3(e)(1)(D), and is not arbitrary, capricious, or unreasonable. Henry v. Rahway State Prison, 81 N.J. 571, 580 (1980).

A-1045-18T2

Further, appellant was afforded the process due an inmate in disciplinary proceedings. See McDonald v. Pinchak, 139 N.J. 188, 195 (1995); Avant v. Clifford, 67 N.J. 496, 522-33 (1975). His claim that he was denied due process because his counsel substitute failed to provide adequate assistance is particularly unavailing. Pursuant to N.J.A.C. 10A:4-9.12(a), "[w]hen an inmate has been charged with an asterisk offense, the inmate shall be afforded the right to request representation by a counsel substitute." Our Supreme Court has held that requiring inmates to be represented by attorneys "would be wholly incompatible with New Jersey institutional needs and capacities and . . . unessential to protection of the inmate's rights." Avant, 67 N.J. at 537. Rather, the prison need only "choose a sufficiently competent staff member or inmate to provide assistance" or allow the inmate to choose "a consenting staff member or inmate." Id. at 529. Inmate paralegals are not attorneys and receive limited training. To hold counsel substitutes to the standards of legally educated, licensed, and practicing attorneys would be unrealistic. Moreover, appellant has not demonstrated his counsel substitute was incompetent or failed to fulfill his limited role.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1045-18T2